

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Joe A. Faucett
County Attorney
Howard County
Big Spring, Texas

Dear Sir:

Opinion No. O-2785
Re: If a school district includes
territory exceeding the limits
of the county, would it be the
duty of the county assessor-
collector to go beyond the
limits of the county to execute
the duties as imposed upon him
by such school districts, and
a related question?

Your letter of November 10, 1941, requesting an
opinion of this department upon the questions stated there-
in, reads in part as follows:

"Article 2792, R. C. S., as amended, reads
as follows:

"'When a majority of the Board of Trustees
of an independent District prefer to have
the taxes of their District assessed and
collected by the County Assessor and Col-
lector, or collected only the the County
Tax Collector, same shall be assessed and
collected by said County Officers and turn-
ed over to the Treasurer of the Independent
School District for which such taxes have
been collected. The property of such Dis-
tricts having their taxes assessed and col-
lected by the County Assessor and Collec-
tor may be assessed at a greater value than
that assessed for County and State purposes,
and in such cases the County Tax Assessor
and Collector shall assess the taxes for
said District on separate assessment blanks
furnished by said District and shall prepare
the rolls for said District in accordance
with the assessment values which have been

equalized by a Board of Equalization
appointed by the Board of Trustees for
that purpose. If said taxes are assess-
ed by a Special Assessor of the Indepen-
dent District and are collected only by
the County Tax Collector, the County Tax
Collector in such cases shall accept
the rolls prepared by the Special Assessor
and approved by the Board of Trustees as
provided in the preceding Article1 When
the County Assessor and Collector is re-
quired to assess and collect the taxes of
Independent School Districts he shall res-
pectively receive one per cent (1%) for
assessing, and one per cent (1%) for col-
lecting same.'

"It may be seen from the preceding article
that it is incumbent upon the County Assessor and
Collector to assess and collect taxes for an In-
dependent School District should they call upon
him so to do.

"Should the school district compose terri-
tory which exceeds the limits of the county,
would it be the duty of such County Assessor
and Collector to go beyond the limits of the
county for which he was elected to execute the
duties as imposed upon him by such School Dis-
trict? Would his assessments, and/or collections
made beyond the limits of his county be in order?"

For the purposes of this opinion we assume that
you have reference to independent school districts contain-
ing territory within two or more counties. (However, if you
have reference to common county-line school districts, we
direct your attention to Article 2744, Vernon's Annotated
Civil Statutes.)

Article 2764, Vernon's Annotated Civil Statutes,
provides:

"Independent school districts may be creat-
ed containing territory within two or more coun-
ties in the same way and manner that towns and
villages are created by law for municipal pur-

poses; provided, that the map required by the
law governing said incorporation shall show the
correct location and position of the county
lines involved in said incorporation proceedings.
Said incorporated free school district contain-
ing territory in two or more counties shall have
all the rights, powers and privileges granted
under the general laws to incorporation for
free school purposes only. The same modes,
manners, and methods of government and proce-
dure provided by the general law for independent
school districts incorporated for free school
purposes only shall govern the management and
control of the incorporated school district
for a free school purposes containing territory
within two or more counties."

House Bill No. 1032, Acts of the 46th Legislature,
Regular Session, 1939, authorized incorporated cities, towns,
or villages, independent school districts, common school dis-
tricts, drainage districts, water control and improvement
districts or navigation districts in this State to avail them-
selves of the services of county tax assessors-collectors,
and fixed the compensation of said county officers for said
service. However, House Bill No. 331, Acts of the 47th
Legislature, Regular Session of 1941, amended House Bill No.
1032, supra, and independent school districts and common
school districts were not included in House Bill No. 331,
supra. Therefore, Article 2792, Vernon's Annotated Civil
Statutes, authorized independent school districts to avail
themselves of the services of the county tax assessors-
collectors and fixes the compensation of said county officers
for their services as such when a majority of the board of
trustees of the independent school districts prefer to have
the taxes of their districts assessed and collected by the
county assessors-collectors, as authorized by said statute.

We have failed to find any case where the appellate
courts have passed upon the exact questions involved in this
opinion. Also we have failed to find any statute expressly
and specifically dealing with independent school districts
containing territory in two or more counties regarding the
questions stated above. It is our opinion that when the county
assessor-collector of taxes assesses and collects taxes
for an independent school district he acts in his official
capacity as county assessor-collector and the assessing

Honorable Joe A. Faucett, Page 4

and collecting of such taxes is an additional duty imposed upon him as county assessor-collector, and as such he has no authority to assess and collect taxes for an independent school district beyond the boundary of his own county. It is our further opinion that where an independent school district containing territory within two or more counties which district has neither an assessor nor a collector of taxes or assessor-collector of taxes and avails itself of the services of the county tax assessor-collector by virtue of Article 2792, supra, the county tax assessor-collector shall assess the taxes levied by the board of trustees on all property in said district which is located within his county. In other words, the county tax assessor-collector must assess and collect all taxes for the independent school district which includes territory in two or more counties, on all the property of said district within his county. To illustrate: If the district is composed of land situated in A and B counties, the assessor-collector of A county must assess and collect the taxes in his county and the assessor-collector of B county must assess and collect the taxes in his county. Furthermore, where such procedure is followed each assessor-collector must strictly follow the provisions of Article 2792, supra, and the board of trustees must appoint a board of equalization to equalize the assessment values as assessed by each assessor.

Our opinion No. O-1409 supports the conclusion reached in this opinion, and we enclose a copy of the same for your information.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED NOV 24, 1941

By

FIRST ASSISTANT
ATTORNEY GENERAL

Ardell Williams
Assistant

AW:GO

ENCLOSURE